UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

_____

In re:

    William A. Semans, II and                Bankruptcy Case No. 17-20587-PRW
    Carol S. Maue-Semans,                    Chapter 7


              Debtors.

_____

## DECISION AND ORDER
## DENYING MOTION TO VACATE DISCHARGE ORDER

PAUL R. WARREN, U.S.B.J.

     The Debtors were granted a discharge on September 7, 2017. (ECF No. 28). Prior to entry of the discharge order, the Debtors failed to enter into a reaffirmation agreement with their mortgage lender, M&T Bank. (ECF No. 45 ¶ 7). As a result, their personal liability on the M&T mortgage debt was discharged. And, under 11 U.S.C. § 524(c)(1), the Debtors are not permitted to enter into a reaffirmation agreement after the discharge order has been entered. Almost a year after the discharge order was entered, the Debtors filed a motion under Rule 60(b) FRCP seeking "to modify their Order of Discharge to vacate the discharge of their mortgage debt to M&T Bank, or, alternatively, to vacate their discharge for the purpose of allowing the Debtors to enter into a binding reaffirmation agreement with M&T Bank." (ECF No. 46 at 1). Because there is no statutory basis to vacate the discharge order for the purpose of filing a post-discharge reaffirmation agreement, the motion to vacate is **DENIED**. The Clerk of Court is directed to close this case promptly.

# I.

# JURISDICTION

The Court has jurisdiction under 28 U.S.C. §§ 157(a), 157(b)(1), and 1334(b). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A). This decision constitutes the Court's findings of fact and conclusions of law to the extent required by Rule 7052 FRBP.

# II.

# BACKGROUND

The Debtors filed this chapter 7 case on June 1, 2017. (ECF No. 1). On their Statement of Intention, the Debtors indicated that they intended to retain their property located at 4225 County Road 16 and reaffirm their mortgage debt with M&T Bank. (*Id.*). During the case, the Debtors and M&T exchanged correspondence concerning a mortgage modification. (ECF No. 45 ¶¶ 5-6). But, "[t]hrough inadvertence and neglect," the Debtors and M&T never entered into and filed a reaffirmation agreement, even though "the Debtors consistently advised their counsel that they intended that their mortgage debt to M&T not be discharged." (*Id.* ¶¶ 7-8). On September 7, 2017, the discharge order was entered—discharging the Debtors from personal liability on the M&T mortgage note, along with a host of other unsecured debts. (ECF No. 28). The trustee filed a no-asset report on June 29, 2018. (ECF No. 34). The case was now ready to close, having been fully administered. The next day, the Debtors asked the Clerk to delay closing the case for 30 days. (ECF No. 35). This motion followed.

On July 11, 2018, the Debtors filed a motion to vacate the discharge as to their mortgage debt to M&T, only. (ECF No. 38 ¶ 8). The motion did not cite any authority under the Code or Rules for the relief sought, nor did it specify the Debtors' intentions if the motion to vacate was successful. The Court issued an Order directing the Debtors to file a memorandum of law to address those

deficiencies. (ECF No. 42). The Debtors complied—filing a supplemental affidavit and memorandum of law that cites Rule 60(b) FRCP as the basis for the relief requested, along with a handful of dated cases. (ECF Nos. 45, 46). The Court assumes that the Debtors are relying on the catch-all provision under Rule 60(b)(6) FRCP, because the facts do not seem to point to potential relief under the more specific provisions under Rule 60(b)(1)–(5) FRCP. The supplemental affidavit makes clear that the Debtors intend to attempt to reaffirm their debt with M&T if the motion to vacate the discharge is granted. (ECF No. 45 ¶ 2). From the record, it appears that even at this late date, no reaffirmation agreement has been inked by the Debtors and M&T Bank. It is a certainty that, as of the date of the Discharge Order being entered, no reaffirmation agreement had been signed by the parties.

## III.

## DISCUSSION

A reaffirmation agreement is a contract between a debtor and creditor that permits an otherwise dischargeable debt to survive a Chapter 7 discharge by requiring the debtor to pay all or part of the debt. *See In re Golladay*, 391 B.R. 417, 421 (Bankr. C.D. Ill. 2008) (citing *In re Engles*, 384 B.R. 593, 596 (Bankr. N.D. Okla. 2008)). The Bankruptcy Code establishes the statutory requirements for the creation of a reaffirmation agreement:

> (c) An agreement between a holder of a claim and the debtor, the consideration for which, in whole or in part, is based on a debt that is dischargeable in a case under this title is enforceable only to any extent enforceable under applicable nonbankruptcy law, whether or not discharge of such debt is waived, *only if*—
>
> > (1) *such agreement was made before the granting of the discharge* under section 727, 1141, 1228, or 1328 of this title;

11 U.S.C. § 524(c)(1) (emphasis added). Congress used the phrase "*only if*" and that is pretty strong language of command.

3

If, prior to the entry of discharge, the debtor requires additional time to negotiate a reaffirmation agreement, the debtor can make a motion under Rule 4008(a) FRBP. Once a Rule 4008(a) motion is made, the debtor can seek to delay the entry of discharge for 30 days, under Rule 4004(c)(2). If a further extension is necessary, the debtor may move, within the 30 days, to defer the entry of discharge to a date certain. Rule 4004(c)(2) FRBP. That didn't happen here.

With good reason, courts have strictly construed the requirements set out in 11 U.S.C § 524(c). *See In re Clark*, Case No. 8-10-73746-reg, 2010 Bankr. LEXIS 4964, at *9-10 (Bankr. E.D.N.Y. Dec. 21, 2010); *In re Golladay*, 391 B.R. at 421. "Because reaffirmation agreements are effectively waivers of discharge with respect to a particular creditor, they are exceptions to the 'fresh start' objective of the bankruptcy process and, as such, they are strictly construed and the requirements imposed for their validity are enforced rigidly." *In re Golladay*, 391 B.R. at 421; *see In re Clark*, 2010 Bankr. LEXIS 4964, at *9 (citing *In re Lee*, 356 B.R. 177, 182 (Bankr. N.D. W. Va. 2006) ("These requirements are strictly construed and are not subject to waiver.")); *In re Cruz*, 254 B.R. 801, 815 (Bankr. S.D.N.Y. 2000). The process protects debtors from "compromising their fresh start by making unwise agreements to pay dischargeable debts." *In re Golladay*, 391 B.R. at 421; *In re Cruz*, 254 B.R. at 815.

Here, the Debtors seek to end run the requirements of 11 U.S.C. § 524(c)(1) and Rules 4004(c)(2) and 4008(a) FRBP by having the Court vacate their discharge order, but only as to M&T, under Rule 60(b) FRCP. Based on the mandatory language of § 524(c)(1) and the purpose of the rules concerning reaffirmation agreements, a majority of courts have held that reaffirmation agreements entered into *after* the issuance of discharge are unenforceable. *In re Williams*, Case No. 11-00761, 2012 Bankr. LEXIS 1022, at *5 (Bankr. D.D.C. Mar. 12, 2012); *In re Bellano*, 456 B.R. 220, 223 (Bankr. E.D. Pa. 2011) (citing numerous cases); *In re Golladay*, 391 B.R. at 421-22; *In re Collins*, 243 B.R. 217, 219 (Bankr. D. Conn. 2000). A small minority of courts have permitted the

4

possibility of post-discharge reaffirmation agreements, under Rule 60(b), but have required that a steep evidentiary burden be met to justify the relief. *See In re Edwards*, 236 B.R. 124, 126-28 (Bankr. D.N.H. 1999) (vacating discharge order to allow reaffirmation agreement to be filed based on "special circumstances"); *In re Eccleston*, 70 B.R. 210, 213 (Bankr. N.D.N.Y. 1986) (declining to vacate the discharge order under Rule 60(b) because the debtor failed to demonstrate "extraordinary circumstances").

This Court adopts the majority view (and rejects the minority view as lacking statutory support). The bankruptcy court does not have the authority to vacate a discharge order for the purpose of permitting the debtor to file a reaffirmation agreement. *See Williams*, 2012 Bankr. LEXIS 1022, at *4-5. "Because the rule of § 524(c)(1) is a substantive statutory requirement, and not a rule of procedure, vacating the discharge at the debtor's request would amount to a waiver of the protection of § 524(c)(1) which that provision plainly prohibits." *Id.* at *8-9 (citing numerous cases in agreement); *see also Collins*, 243 B.R. at 219-20. The Bankruptcy Rules expressly provide for a means of expanding the time before a discharge order is entered. *See* Rule 4004(c)(2). "[A]llowing Rule 59 or Rule 60 to be utilized to vacate a discharge order would be in conflict with the requirement, clearly implicit in Rule 4004(c)(2), that a deferral of the discharge be sought *prior* to the entry of the discharge." *Williams*, 2012 Bankr. LEXIS 1022, at *9.

Additionally, vacating the discharge has far-reaching consequences beyond its effect on reaffirmation agreements. Because the discharge terminates the automatic stay, under 11 U.S.C. § 362(c)(2), "[v]acating the discharge could disrupt collection efforts by creditors holding nondischargeable claims taken in reliance on the entry of the discharge and the termination of the automatic stay." *Id.* It could disrupt the running of certain statutes of limitation, which are triggered by the termination of the automatic stay. *See id.* at *9-10 & n.2. And, it could impose costs on the Court tasked with notifying the creditor body. *Id.* at *10. Although these Debtors seek to avoid these

5

consequences by vacating the discharge only as to M&T, the statutorily mandated method to waive the discharge as to one creditor is to comply with 11 U.S.C. § 524(c).  The Debtors did not.  The Debtors' motion to vacate the discharge order as to M&T is **DENIED**.

## IV.

## CONCLUSION

Because there is no statutory basis to vacate the discharge order for the purpose of filing a post-discharge reaffirmation agreement, the motion to vacate is **DENIED**.  The Clerk of Court is directed to close this case promptly.

**IT IS SO ORDERED.**

DATED: August 29, 2018 _____/s/_____
       Rochester, New York          HON. PAUL R. WARREN
                                      United States Bankruptcy Judge